UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60222-LEIBOWITZ/AUGUSTIN-BIRCH

**DASHLINE NEMORIN**,

    *Plaintiff*,

v.

**URBAN LEAGUE OF BROWARD COUNTY, INC.**,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Urban League of Broward County, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 27], filed on May 6, 2025. Plaintiff Dashline Nemorin ("Plaintiff") responded in opposition (the "Response") [ECF No. 28], and Defendant replied [ECF No. 29]. The Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons stated below, the Motion [**ECF No. 27**] is **GRANTED**.

    **I.**    **BACKGROUND**

On February 7, 2025, Plaintiff filed this this action. [ECF No. 1]. On April 22, 2025, Plaintiff filed the Amended Complaint (the "Complaint") [ECF No. 23]. The Complaint alleges the following claims against Defendant: (1) unlawful retaliation under the Family and Medical Leave Act ("FMLA") (Count I), (2) pregnancy discrimination under the Pregnancy Discrimination Act ("PDA") (Count II), (3) pregnancy discrimination under the Florida Civil Rights Act ("FCRA") (Count III), (4) pregnancy retaliation under the PDA (Count IV), and (5) pregnancy retaliation under the FCRA (Count V). [ECF No. 23 at 9–14]. Defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. For background and convenience, the following is a summary of Plaintiff's allegations, taken as true for purposes of the instant Motion.

Plaintiff worked for Defendant as a Billing Contract Coordinator beginning on February 24, 2020, until her termination on February 9, 2023. [ECF No. 23 ¶ 20]. In October 2022, Plaintiff informed Defendant that she was experiencing pregnancy complications. [*Id.* ¶ 21–22]. Thereafter, Plaintiff asked Defendant "for the reasonable, non-burdensome accommodation of working from home so as to avoid overexerting herself while in her delicate and sensitive state." [*Id.* ¶ 22]. Although Defendant had allowed Plaintiff to work from home in the past when she was not pregnant and had allowed other non-pregnant employees to work from home [*id.* ¶ 23], Defendant denied Plaintiff's request without explanation or engaging in any interactive process with Plaintiff regarding the same [*id.* ¶ 24]. As a result, Plaintiff suffered stress from having to commute to work in person along with stressful work conditions and went into labor prematurely. [*Id.* ¶ 25]. Despite knowing about Plaintiff's pregnancy complications, Defendant never informed Plaintiff about her rights or responsibilities under the FMLA or provided Plaintiff with any FMLA paperwork. [*Id.* ¶ 26].

Due to her child's premature birth, Plaintiff continued to require medical appointments. [*Id.* ¶ 28]. Even though Defendant did not inform Plaintiff of her rights and responsibilities under the FMLA, its third-party benefits coordinator, ADP, did so and sent Plaintiff emails regarding FMLA to her work email account, without explanation and without notice that she needed to actively follow up with such communications. [*Id.* ¶¶ 26–27]. Without prompting or request by Plaintiff, ADP subsequently put Plaintiff on "non-FMLA leave." [*Id.* ¶ 29].

By February 2, 2023, Plaintiff submitted FMLA documentation to ADP and advised Defendant's Senior Director of Human Resources Donna Marshall ("Ms. Marshall") that she had done so. [*Id.* ¶ 30]. On February 6, 2023, Plaintiff submitted a doctor's note from her physician to Ms. Marshall, requesting an additional four weeks of leave from February 7 to March 7, 2023. [*Id.* ¶

31; ECF No. 27-1].[1]  Ms. Marshall rejected the doctor's note, stating that it lacked the "proper language." [ECF No. 23 ¶ 32].  On February 9, 2023, Defendant informed Plaintiff that it had decided to terminate her employment due to her absences from work.  [*Id.* ¶ 33].

## II.   LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), generally a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006).  "[T]he court may dismiss

---

[1]   While Plaintiff did not attach this doctor's note to the Complaint, the note was attached to the Motion and is incorporated by reference because it is central to Plaintiff's claims and its contents are undisputed.  *Esys Latin Am., Inc. v. Intel Corp.*, 925 F. Supp. 2d 1306, 1310 (S.D. Fla. 2013); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1285 (11th Cir. 2007).

a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

### III. DISCUSSION

In support of dismissal, Defendant advances several arguments as to each of the five counts of the Complaint. The Court addresses each argument in turn.

#### A. Count I – FMLA – Unlawful Retaliation Claim

Defendant contends that Plaintiff has failed to state a claim for FMLA unlawful retaliation under Count I, arguing that, *inter alia*, Plaintiff does not allege that she engaged in a protected activity when she submitted a doctor's note requesting four-weeks' additional leave. [ECF No. 27 at 4–5].

To show a *prima facie* case for FMLA retaliation, a plaintiff must show that: "(1) she engaged in a statutorily protected conduct; (2) she suffered an adverse employment action; and (3) there is a causal connection between the two." *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1275 (11th Cir. 2020). Under the FMLA, "an employee must demonstrate her employer intentionally discriminated against her in the form of an adverse employment action for having exercised an FMLA right." *Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 160 (11th Cir. 2019) (per curiam) (citing *Jones v. Gulf Coast Health Care of Del., LLC*, 854 F.3d 1261, 1270 (11th Cir. 2017) (alteration added)). "In other words, a plaintiff bringing a retaliation claim faces the increased burden of showing that his employer's actions 'were motivated by an impermissible retaliatory or discriminatory animus.'" *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001) (quoting *King v. Preferred Tech. Grp.*, 166 F.3d 887, 891 (7th Cir. 1999)). "To establish a causal connection, a plaintiff must show that the relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *Jones,* 854 F.3d at 1271 (quoting *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1211 (11th Cir. 2013)). Factual allegations demonstrating a close temporal proximity

4

between the protected activity and the alleged adverse employment actions are sufficient to satisfy the causation element at the pleading stage. *See Olson v. Dex Imaging, Inc.*, 63 F. Supp. 3d 1353, 1362–63 (M.D. Fla. 2014) (citing *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007)).

First, the parties disagree about whether Plaintiff engaged in a protected activity. An employee engages in a protected activity if the employee "requests time off, or otherwise provides notice to his employer of his need to take time off, for a 'serious health condition.'" *Wood v. Gilman Bldg. Prods., Inc.*, 769 F. App'x 796, 802 (11th Cir. 2019) (quoting *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1384 (11th Cir. 2005)). Being pregnant, as opposed to being incapacitated because of pregnancy, is not a "serious health condition" under the FMLA. *Cruz*, 428 F.3d at 1383; *see* 29 C.F.R. § 825.113(a).

Plaintiff submits that she engaged in protected conduct after submitting a doctor's note to Ms. Marshall on February 6, 2023, asking for additional leave post-partum. [ECF No. 28 at 4]. The Complaint, however, fails to allege that the doctor's note notified Defendant of Plaintiff's "serious health condition" and why leave was necessary. Indeed, the note is devoid of any indication of an ongoing serious health condition that would apprise Defendant of Plaintiff's need to take additional time off under the FMLA. [*See* ECF No. 27-1]. *Cf. Labrousse v. Caribbean Airmail, Inc.*, No. 09-23529, 2010 WL 11505138, at *1–2 (S.D. Fla. Apr. 19, 2010) (denying motion to dismiss in part because doctor's note described plaintiff's serious health condition). The note merely states: "Dashline Nemorin was expected to return to work on 2/7/2023. Patient is requesting an additional 4 weeks of leave from 2/7/2023 – 3/7/2023." [ECF No. 27-1 at 1]. That is not enough to alert Defendant of a "serious health condition" requiring FMLA leave.

Thus, Plaintiff failed to show she was engaging in protected activity and fails at the first element of her claim. *See Godbee v. Sam's West, Inc.*, No. 21-60513, 2021 WL 9098061, at *5 (S.D. Fla. Oct. 26, 2021) (dismissing FMLA retaliation claim because plaintiff failed to allege she engaged in a protected activity).

Moreover, to the extent Plaintiff's FMLA retaliation claim relies on her original request for FMLA leave, the claim also fails on the third element—causation. It is well-settled that a causal connection can be established by close temporal proximity between the protected conduct and the adverse action by the employer. *Curtis v. Broward Cnty.*, 292 F. App'x 882, 885 (11th Cir. 2008). This temporal proximity, however, must be "very close." *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). The Eleventh Circuit has made clear that a three-to-four-month gap between the statutorily protected activity and the adverse employment action is insufficient to show causation. *Thomas*, 506 F.3d at 1364 ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). Even assuming Plaintiff's initial request for leave after informing Defendant of her pregnancy complications in October 2022 is considered a statutorily protected activity,[2] that was approximately four months prior to the alleged termination in February 2023. Therefore, this does not demonstrate a close temporal proximity to establish causation.[3]

Thus, Plaintiff has failed to state a claim for unlawful retaliation under the FMLA in Count I, and the Motion is GRANTED as to Count I. Count I is dismissed without prejudice, and Plaintiff

---

[2] Plaintiff's allegations are unclear as to when exactly she made her first request for leave when going into labor. While she alleges that she "promptly" informed Defendant of pregnancy complications and asked for an accommodation to work remotely, the Court cannot identify specifically when request for FMLA leave was sought. [ECF No. 23 ¶ 22]. Requesting FMLA leave is protected, *Vargas v. Fla. Crystals Corp.*, No. 16-81399-CIV, 2019 WL 8955114, at *7 (S.D. Fla. May 13, 2019), while requesting an accommodation to work from home is not. *See Henry v. Fulton Cnty. Bd of Educ.*, No. 05-CV-2008, 2006 WL 2927533, at *4 (N.D. Ga. Oct. 10, 2006) ("There is nothing in the language of the FMLA that compels employers to provide broad based workplace accommodations to employees with serious medical conditions. *The only type of accommodation it provides is medical leave.*" (emphasis added)), *aff'd*, 228 F. App'x 970 (11th Cir. 2007).

[3] The Court notes that there is a close temporal proximity establishing causation to the extent Plaintiff alleges the protected activity is the submission of the doctor's note to Ms. Marshall on February 6, 2023, since she was terminated three days later on February 9, 2023. [ECF No. 23 ¶¶ 31–33]. However, Plaintiff has failed to sufficiently allege a protected activity for the reasons stated above.

shall have one final opportunity to amend her Complaint to attempt to state a claim for unlawful retaliation under the FMLA.

### B. Count II – PDA – Pregnancy Discrimination Claim

Defendant next asserts that Plaintiff's allegations cannot support a pregnancy discrimination claim under Count II because Plaintiff failed to show she was qualified for her position or was entitled to an accommodation. [ECF No. 27 at 6–9]. Defendant also argues that Plaintiff alleged no facts establishing discriminatory animus. [*Id.* at 7].

To state a claim for pregnancy discrimination under the PDA, a plaintiff must show that: "(1) she was pregnant (a member of a protected class) and her employer knew that she was pregnant; (2) she was performing her duties satisfactorily; (3) she was discharged; and (4) similarly situated employees not in the protected class were treated more favorably." *Williams v. Crown Liquors of Broward, Inc.*, 851 F. Supp. 2d 1332, 1338 (S.D. Fla. 2012) (citing *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1005 (11th Cir. 2001)); *see also Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

Here, the Court finds that the Complaint does not contain sufficient factual allegations to support a plausible claim of pregnancy discrimination. Plaintiff alleges that she was a protected individual under the PDA because she was pregnant during her employment. [ECF No. 23 ¶¶ 15, 50]. Defendant mistakenly concedes that "Plaintiff was undoubtedly a member of a protected class as a pregnant woman . . . ." [ECF No. 27 at 6]. But Plaintiff was *not* pregnant when she requested additional leave and was ultimately terminated in February 2023;[4] she gave birth soon after her complications in October 2022. [ECF No. 23 ¶¶ 21–25]. Since Plaintiff must be pregnant at the time she was either terminated or subject to some other adverse employment action, Plaintiff's PDA claim

---

[4] The Complaint is also devoid of any allegations that Defendant knew Plaintiff was pregnant at the time she requested additional leave. [*See generally* ECF No. 23].

also fails at the first element. *King v. Ferguson Enters., Inc.*, No. 11-CV-1901, 2013 WL 12328941, at *14 (N.D. Ga. July 16, 2013) ("[I]n order to state a claim under the [PDA] for discrimination based on pregnancy, a woman must have been pregnant at the time of the adverse action.") (citing *Byrd v. Lakeshore Hosp.*, 30 F.3d 1380, 1382 (11th Cir. 1994)), *rejected on other grounds*, 971 F. Supp. 2d 1200 (N.D. Ga. 2013); *Time v. Publix Super Market, Inc.*, No. 06-20926-CIV, 2007 WL 1655861, at *4 (S.D. Fla. June 6, 2007) (stating that "[the PDA] does not require an employer to provide additional leave" where plaintiff had already given birth to her child); *see also Herrera v. Boston Market Corp.*, No. 20-CV-4284, 2025 WL 934882, at *5 (E.D.N.Y. Mar. 7, 2025) ("Plaintiff is a woman who was pregnant at the time of the alleged discrimination and was, therefore, a member of a protected class."), *report and recommendation adopted*, 2025 WL 929782 (E.D.N.Y. Mar. 27, 2025).

Even assuming Plaintiff could satisfy the first element, her pregnancy discrimination claim under the PDA still fails because she has not pointed to similarly-situated employees who were treated more favorably than she—the third element. The Complaint merely alleges that Defendant allowed Plaintiff to "work from home in the past when she was not pregnant and had allowed other, non-pregnant, employees to work from home as well." [ECF No. 23 ¶ 23; *see also id.* ¶¶ 72, 79, 86, 96]. Defendant argues that these allegations are conclusory and that Plaintiff failed to provide any facts that Plaintiff's non-pregnant coworkers were similarly situated and treated more favorably. [ECF No. 27 at 7; ECF No. 29 at 4]. The Court agrees. The Complaint does not provide sufficient factual allegations that non-pregnant employees were similarly situated in their ability or inability to work remotely. *See Louis v. HMSHost Corp.*, No. 20-cv-61727, 2020 WL 13389301, at *1 (S.D. Fla. Dec. 14, 2020) (discussing that "threadbare recitals" to show similarly situated employees are insufficient). And in any case, courts routinely hold that rejecting an employee's request to work remotely does not constitute adverse employment action or one that "in some substantial way, alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment

8

opportunities, or adversely affects his or her status as an employee." *Addeo v. Buttigieg*, No. 22-CV-2503, 2023 WL 10366704, at *5 (N.D. Ga. May 23, 2023) (quoting *Johnson v. Perdue*, No. 19-cv-23666, 2020 WL 13548574, at *2 (S.D. Fla. Apr. 13, 2020) (cleaned up)); *see also Jean Pierre v. Citizen Watch Co. of Am., Inc.*, No. 18-CV-0507, 2019 WL 5887479, at *6 (S.D.N.Y. Nov. 12, 2019) ("[E]ven if Plaintiff were never permitted to work from home, such a restriction does not constitute an adverse employment action.").

Finally, Plaintiff's allegations are untethered to the adverse employment action of termination. Again, when Plaintiff was terminated she was not pregnant. The note she submitted to Ms. Marshall was a request for four weeks of additional leave after giving birth, not an accommodation to work from home while pregnant. [ECF No. 27-1]. Accordingly, Plaintiff has failed to state a claim for pregnancy discrimination under the PDA in Count II, and the Motion is GRANTED as to Count II. Count II is dismissed without prejudice.

### C. Count III – FCRA – Pregnancy Discrimination Claim

In Count III, Plaintiff brings a claim under the FCRA for pregnancy discrimination. [ECF No. 23 ¶¶ 76–82]. Defendant makes the same arguments for dismissal as the PDA claim [*see* ECF No. 27 at 6–9], and the Court finds that the allegations are similarly insufficient to state a plausible claim under the FCRA.

A cause of action under the FCRA for pregnancy discrimination is "construed in the same manner as a cause of action for pregnancy discrimination under Title VII of the Civil Rights Acts of 1964 [as amended by the PDA]." *Olascoaga v. T-Shirt Station Stores, LLC*, No. 24-cv-60167, 2025 WL 1448544, at *3 (S.D. Fla. May 5, 2025) (quoting *DuChateau v. Camp, Dresser & McKee, Inc.*, 713 F.3d 1298, 1302 (11th Cir. 2013)), *report and recommendation adopted*, 2025 WL 1445856 (S.D. Fla. May 20, 2025). Because pregnancy discrimination claims under the PDA and FCRA rise and fall together,

9

Plaintiff's FCRA must also be dismissed. Accordingly, the Motion is GRANTED as to Count III. Count III is dismissed without prejudice.

### D. Count IV – PDA – Pregnancy Retaliation Claim

In the Motion, Defendant also seeks dismissal of Plaintiff's PDA pregnancy retaliation claim under Count IV for similar reasons as the other counts. [ECF No. 27 at 9–10]. Namely, Defendant argues that Plaintiff was not engaging in protected activity at the time of her termination, failed to notify her employer of discrimination, and cannot satisfy causation. [*Id.*].

To sufficiently plead a retaliation claim under the PDA, Plaintiff must allege that: "(1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal relation between the protected activity and the adverse action." *Louis*, 2020 WL 13389301, at *2 (citing *Penaloza v. Target Corp.*, 549 F. App'x 844, 847 (11th Cir. 2013)).

Plaintiff's claim fails once again at the first element. Plaintiff cites *Hyppolite-Marriott v. Florida Dep't of Veterans Affairs*, No. 20-60213, 2021 WL 5529871, at *6 (S.D. Fla. 2021), for the proposition that a request for an accommodation based on a good faith, objectively reasonable belief that one is entitled to an accommodation is sufficient to plead a protected activity. [ECF No. 28 at 8]. While that may be true, a plaintiff must "'at the very least, communicate her belief that discrimination is occurring to the employer,' and cannot rely on the employer to 'infer that discrimination has occurred.'" *Demers v. Adams Homes of Northwest Fla., Inc.*, 321 F. App'x 847, 852 (11th Cir. 2009) (quoting *Webb v. R & B Holding Co., Inc.*, 992 F. Supp. 1382, 1390 (S.D. Fla. 1998)). Nowhere in the Complaint does Plaintiff allege that she communicated to Defendant any complaint or belief that discrimination was occurring when she was denied an accommodation to work from home. *See Benitez v. True Choice Telecom, LLC*, No. 19-cv-2148, 2020 WL 10058215, at *2 (M.D. Fla. Mar. 26, 2020) (dismissing retaliation claim where plaintiff argued requesting an accommodation to her work schedule was a protected activity because plaintiff failed to complain of discrimination to her employer).

10

Indeed, Plaintiff conceded that there was no interactive process that took place with Defendant after Defendant denied her request for an accommodation. [ECF No. 23 ¶ 24]. Accordingly, the Court does not find that Plaintiff engaged in a protected activity to support a claim for retaliation under the PDA. And in any event, Plaintiff's claim fails on the adverse employment action and causation elements for the same reasons stated above under Counts I and II.

Furthermore, to the extent Plaintiff brings her claim based on when she requested additional leave in February 2023 [ECF No. 23 at 11–13; ECF No. 28 at 7–9], the Complaint still fails to allege enough facts for a plausible cause of action. As with her "denial of an accommodation to work from home" theory, Plaintiff fails on the "additional leave" theory because the Complaint is bereft of any allegations that she complained to Defendant of discrimination when Defendant rejected the doctor's note. Plaintiff alleges that just prior to termination, Defendant rejected her doctor's note for not having the "proper language"; yet she fails to plead any facts that she relayed complaints or issues about this to Defendant. [ECF No. 23 ¶¶ 31–33]. Plaintiff simply cannot "rely on the employer to infer that discrimination has occurred," but should have raised those concerns with Defendant herself. *Webb*, 992 F. Supp. at 1389. Additionally, upon termination, Plaintiff alleges that Defendant "cit[ed] absences as some sort of justification for its extreme adverse employment action . . . ." [ECF No. 23 ¶ 33]. But "[i]t is not enough for the employee merely to complain about a certain policy" to meet her burden. *Webb*, 992 F. Supp. at 1389.

Thus, the Motion is GRANTED as to Count IV, and Count IV is dismissed without prejudice.

### E. Count V – FCRA – Pregnancy Retaliation Claim

Because a "state retaliation claim is analyzed under the same standard as [Plaintiff's] federal retaliation claim," *Fulford v. Miami-Dade Cnty.*, 219 F. Supp. 3d 1248, 1255 (S.D. Fla. 2016), Plaintiff's FCRA claim also fails. Thus, the Motion is GRANTED as to Count V, and Count V is dismissed without prejudice.

### IV.     CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Motion [**ECF No. 27**] is **GRANTED**. The Amended Complaint [**ECF No. 23**] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file a motion for leave to file a second amended complaint with a copy of the second amended complaint attached in compliance with this Order **no later than July 9, 2025**. Failure to comply with this Order may result in dismissal of this case without further notice.

**DONE AND ORDERED** in the Southern District of Florida on June 23, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record